IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REACHING SOULS INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. CIV-13-1092-D

## ORDER

By Order of November 7, 2013, the Court entered a briefing schedule, authorized the filing of oversized briefs, and scheduled a hearing for oral argument on pending motions. Upon review of the parties' briefs and filings made in the interim, the Court provides additional guidance on the issues to be addressed at the December 16, 2013 hearing.

The hearing will be limited to consideration of the following motions: 1) Plaintiffs' Motion for Preliminary Injunction [Doc. No. 7], pursuant to Fed. R. Civ. P. 65(a); and 2) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. No. 51]. To prevail on the first motion, Plaintiffs must establish: a) they are likely to succeed on the merits; b) they are likely to suffer irreparable harm in the absence of preliminary relief; c) the balance of equities tips in their favor; and d) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *see also Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1128 (10th Cir. 2013).

To overcome the second motion, which challenges only Article III standing, Plaintiffs must show an injury that is: a) "concrete, particularized, and actual or imminent;" b) "fairly traceable to the challenged action;" and c) "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (internal quotation omitted); *Hobby Lobby*, 723 F.3d at 1126. To the extent there are disputed factual issues relevant to the showings Plaintiffs must make, the Court will receive evidentiary materials as well as hear oral arguments.[1] Of course, if factual disputes can be eliminated through stipulations of fact or stipulations regarding evidence and testimony, the Court encourages the parties to cooperate in reaching such stipulations and taking all appropriate steps to streamline the hearing.

IT IS SO ORDERED this 12th day of December, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] However, the hearing is not intended to be a merits determination under Rule 65(a)(2).