# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REACHING SOULS INTERNATIONAL, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-13-1092-D |
| KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court are Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. No. 51] and Plaintiffs' Rule 56(d) Motion [Doc. No. 54]. Defendants are federal officials and agencies called to defend certain regulations implementing the Affordable Care Act ("ACA")[1] that were designed to provide an accommodation for religious organizations that object to the contraceptive mandate. As pertinent here, Defendants seek a dismissal of the action under Fed. R. Civ. P. 12(b)(6) for failure of Plaintiff's Complaint to state a claim upon which relief can be granted. Alternatively, Defendants ask the Court to grant summary judgment in their favor under Fed. R. Civ. P. 56 if the Court elects to consider documents in the Certified Administrative Record [Doc. Nos. 49, 70]. Plaintiffs have responded in opposition to Defendants' Motion and, by a separate motion, ask the Court to deny or defer a summary judgment ruling pending an opportunity for discovery.

Defendants' Rule 12(b)(6) motion was combined with a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), and was filed simultaneously with a response to

---

[1] The Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010).

Plaintiffs' Motion for Preliminary Injunction. By Order of December 20, 2013, the Court denied Defendants' Rule 12(b)(1) motion and granted a preliminary injunction to Plaintiffs. In reaching its decision, the Court rejected Defendants' contention that Plaintiffs lacked constitutional standing to bring the action and, in so doing, found there was no need to convert Defendants' motion to one for summary judgment. *See* Mem. Decision & Order [Doc. No. 67] (hereafter "Order") at 7, n.7. Therefore, to this extent, Plaintiffs' Rule 56(d) Motion is moot.

The Court further found that Plaintiffs had demonstrated a substantial likelihood of success on the merits of their claim that enforcing the challenged regulations against them violates the Religious Freedom Restoration Act of 1993 as amended, 42 U.S.C. § 2000bb *et seq*. ("RFRA"), in light of *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114 (10th Cir.) (en banc), *cert. granted*, 82 U.S.L.W. 3139 (2013). *See* Order at 14-15. On the strength of that showing, and in view of legal uncertainty regarding the enforceability of ACA's contraceptive mandate, the Court found that a preliminary injunction should issue to preserve the status quo during the pendency of this action, and to ensure that Plaintiffs' RFRA claim is resolved before any enforcement of the regulations can occur. On February 11, 2014, Defendants took an interlocutory appeal from the Order, which is pending before the Tenth Circuit as Appeal No. 14-6028.

The Court's determination that Plaintiffs may succeed on a RFRA claim necessarily rejects Defendants' assertion that the Complaint fails to state a claim on which relief can be granted. In their Motion, however, Defendants address all theories of recovery asserted in the Complaint, which include numerous claims seeking the same injunctive and declaratory relief on constitutional grounds. At this juncture, the Court finds no need to address Plaintiffs' additional constitutional theories. "The Supreme Court has long endorsed, if not always adhered to, the notion that federal courts should address constitutional questions only when necessary to a resolution of the case or

controversy before it. This is a 'fundamental rule of judicial restraint.'" *United States v. Cusumano*, 83 F.3d 1247, 1250 (10th Cir. 1996) (en banc) (footnote omitted; quoting *Three Affiliated Tribes v. Wold Engineering*, 467 U.S. 138, 157 (1984)). In this case, Plaintiffs may or may not elect to pursue their constitutional claims if their RFRA claim is found to have merit. Therefore, the Court will follow the "fundamental rule of judicial restraint" and deny Defendants' Rule 12(b)(6) motion in all respects, without prejudice to the submission of a future motion challenging the merits of Plaintiffs' alternative theories of relief.

Further, although no party has moved for a stay of this case, the Court *sua sponte* raises the question of whether this case should be stayed pending the final disposition of Defendants' appeal, like other cases currently pending in this judicial district. *See Hobby Lobby Stores, Inc. v. Sebelius*, Case No. CIV-12-1000-HE, Order (W.D. Okla. Sept. 24, 2013); *Southern Nazarene Univ. v. Sebelius*, Case No. CIV-13-1015-F, Order (W.D. Okla. March 6, 2014). It appears to the Court that a stay of this action will serve judicial economy and preserve the status quo while substantial legal issues involved in this case are resolved by higher courts.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. No. 51] and Plaintiffs' Rule 56(d) Motion [Doc. No. 54] are DENIED, as set forth herein.

IT IS FURTHER ORDERED that each party shall inform the Court by written notice filed within 14 days of this Order of its position regarding a stay of the action pending appeal.

IT IS SO ORDERED this 10th day of March, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE