IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REACHING SOULS INTERNATIONAL, INC., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 5:13-cv-1092-D ) |
| ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services[1]; *et al.*, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF**

Plaintiffs have moved for a permanent injunction and declaratory relief against federal regulations that required them to offer coverage of contraceptive services ("the Mandate") or to comply with an accommodation process whereby their employees would receive coverage through Plaintiffs' health insurance issuer or third party administrator. *See* ECF No. 91. Although the Government does not agree with all of the statements and arguments in Plaintiffs' motion for permanent injunction, the Government is not raising a substantive defense of the Mandate or the accommodation process with respect to Plaintiffs' Religious Freedom Restoration Act ("RFRA") challenge. The Government

---

[1] Alex M. Azar II, Secretary of the U.S. Department of Health and Human Services, "is automatically substituted as a party" for Eric Hargan. Fed. R. Civ. P. 25(d).

has concluded that requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA.

The Government takes no position on whether permanent injunctive relief or declaratory relief is appropriate in this case. The injunctions in *Pennsylvania v. Trump*, No. 2:17-cv-04540-WB, 2017 WL 6398465 (E.D. Pa. Dec. 15, 2017), and *California v. Department of Health and Human Services*, No. 4:17-cv-05783-HSG, ECF No. 105 (N.D. Cal. Dec. 21, 2017), do not purport to interfere with this case or other existing litigation challenging the prior rules. *See Pennsylvania*, 2017 WL 6398465, at *21 ("A preliminary injunction will maintain the status quo: those with exemptions or accommodations prior to October 6, 2017 will maintain their status, those with injunctions preventing enforcement of the Contraceptive Mandate will maintain their injunctions, but those with coverage will maintain their coverage as well."); Order Granting Plaintiffs' Motion for A Preliminary Injunction at 29, *California*, No. 17-05783, ECF No. 105 ("This nationwide injunction does not conflict with the plaintiff-specific injunctions issued by the courts in the Zubik cases or any other case.").

The Government notes, however, that any injunction should be limited to the contraceptive coverage services to which Plaintiffs have religious objections and should be narrowly tailored to enjoin enforcement against Plaintiffs, other current or future participating employers in the GuideStone Plan that have sincerely-held religious objections to providing contraceptive coverage, and their third-party administrators as their conduct relates to the GuideStone Plan. In addition, any injunction should not prohibit enforcement of 26 U.S.C. § 4980H. That provision imposes an assessable

payment on large employers that meet specified criteria, including failing to offer their employees "minimum essential coverage" under an eligible employer-sponsored plan. *See* 26 U.S.C. § 4980H. But an employer-sponsored plan does not have to include coverage for contraceptive services to satisfy the minimum essential coverage requirement. *See* 26 U.S.C. § 5000A(f)(2). Thus, 26 U.S.C. § 4980H has no relevance to this lawsuit and should not be enjoined.

Respectfully submitted this 5th day of March, 2018,

ETHAN P. DAVIS
Deputy Assistant Attorney General

JOEL McELVAIN
Assistant Director, Federal Programs Branch

/s/ *Michelle R. Bennett*
MICHELLE R. BENNETT
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
Tel: (202) 305-8902
Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

    /s/ Michelle R. Bennett
MICHELLE R. BENNETT