**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| REACHING SOULS INTERNATIONAL, INC., *et al.*,<br><br>　　　　*Plaintiffs*,<br>v.<br><br>HARGAN, *et al.*,<br><br>　　　　*Defendants*. | Case No. 5:13-cv-01092-D<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF** |

　　　　The Defendants do not contest their liability under RFRA. Instead, they ask only that any injunction (1) be limited to Plaintiffs and GuideStone's current and future members, (2) only protect TPAs "as their conduct relates to the GuideStone Plan," (3) only extend to contraceptive coverage to which GuideStone members have religious objections, and (4) "not prohibit enforcement of 26 U.S.C. § 4980H." Response at 2-3.

　　　　Plaintiffs have no objection to Defendants' first three concerns and have actually already addressed those concerns in the proposed order. Defendants do not argue that the proposed order is deficient in any respect as to the first three issues. But to be exceedingly clear that these issues are addressed, the Court could slightly modify the proposed order by replacing the term "health benefits" with "contraceptive drugs, devices, or procedures and related education and counseling," as reflected in the attached revised proposed order.

　　　　As to Defendants' fourth concern about 26 U.S.C. § 4980H, Plaintiffs are not seeking any broad injunction against enforcement of the requirement that large employers provide minimum essential coverage. Instead, Plaintiffs merely seek a clear order from this Court that the government may not use Section 4980H as a mechanism to require the contraceptives to which Plaintiffs object. Defendants currently take the position that they do not have authority to use the provision in this

1

way, Response at 2-3, and any such use of §4908H would of course violate RFRA for the same reasons the mandate violates RFRA.

Declaratory and injunctive relief are necessary as a way of locking in federal government's position that it cannot use Section 4980H to require contraceptive coverage. Despite Defendants' position, at least one federal court has previously ruled that Section 4980H *does* include the contraceptive mandate: "The Mandate requires that group health plans and health insurance issuers provide minimum essential coverage to women, which includes coverage for all contraceptive methods and sterilization procedures approved by the Food and Drug Administration, without cost-sharing requirements. *See* 26 U.S.C. § 4980H(a); 42 U.S.C. § 300gg–13." *Wieland v. United States Dep't of Health & Human Servs.*, 196 F. Supp. 3d 1010, 1013 (E.D. Mo. 2016).

Furthermore, both recent courts to enter final RFRA injunctions against the mandate have likewise included Section 4980H to ensure that Defendants cannot use that provision to circumvent a RFRA ruling against them. For example, in the *Wheaton College* case, the court enjoined the government from imposing any penalties for noncompliance with contraceptive coverage requirement "including those found in 26 U.S.C. §§ 4980D, 4980H, and 29 U.S.C. §§ 1132, 1185d." Order Granting Permanent Inj. & Declaratory Relief at 3, *Wheaton College v. Azar*, No. 13-cv-8910 (N.D. Ill. Feb. 22, 2018), ECF No. 119; *see also* Dkt. 92-1 (attaching *Wheaton College* order as Ex. 1). Likewise, last week Judge Russell of this court entered a similar order in the *Catholic Benefits Association* case in which he too enjoined the imposition of any penalties for noncompliance with the contraceptive coverage requirement "including any penalties under 26 U.S.C. §§ 4980D and 4980H." Order at 3, *The Catholic Benefits Ass'n v. Hargan*, Nos. CIV-14-240-R, CIV-14-685-R (W. D. Okla. Mar. 7, 2018), ECF. No. 79 (Attached as Exhibit A). Both of

these injunctions forbid the government from using §4980H to impose the contraceptive mandate, while leaving the government free to use the statute for any other reason.

The same approach makes sense here. Given the government's position, it will not be harmed by declaratory and injunctive relief making clear that §4980H cannot lawfully be used to impose the contraceptive mandate on those protected by the injunction. Plaintiffs have no objection to inclusion of an additional sentence making clear that Defendants otherwise remain free to enforce Section 4980H for other purposes.

Accordingly, a revised proposed order is attached. *See* Exhibit B, Revised Order.

## CONCLUSION

For the reasons set forth above and in Plaintiffs' motion, Plaintiffs respectfully request that this Court grant its motion and enter an order converting Plaintiffs' preliminary injunction into a permanent injunction and granting declaratory relief from the mandate.

Respectfully submitted,

| | |
|---|---|
| /s/ Jared Giddens | Carl C. Scherz |
| Jared D. Giddens | Oklahoma No. 20420 |
|   Oklahoma Bar No. 3555 |   cscherz@lockelord.com |
|   jgiddens@cwlaw.com | Seth Roberts |
| Conner & Winters, LLP |   Texas Bar No. 24051255 |
| 1700 One Leadership Square |   sroberts@lockelord.com |
| 211 North Robinson | Locke Lord LLP |
| Oklahoma City, OK 73102 | 2200 Ross Avenue, Suite 2200 |
| Tel:   (405) 272-5721 | Dallas, TX  75201 |
| Fax:  (405) 232-2695 | Tel.:  (214) 740-8583 |
| | Fax:  (214) 756-8583 |

Mark Rienzi
  D.C. Bar No. 494336
  mrienzi@becketlaw.org
Daniel Blomberg
  Kansas Bar No. 23723
  dblomberg@becketlaw.org
THE BECKET FUND FOR RELIGIOUS LIBERTY
1200 New Hampshire NW, Suite 700
Washington, DC 20036
Tel.:  (202) 955-0095
Fax:  (202) 955-0090

COUNSEL FOR PLAINTIFFS REACHING SOULS INTERNATIONAL, INC., TRUETT-MCCONNELL COLLEGE, INC., AND GUIDESTONE FINANCIAL RESOURCES OF THE SOUTHERN BAPTIST CONVENTION

## **CERTIFICATE OF SERVICE**

I hereby certify on March 12, 2018, the foregoing memorandum was served on all counsel of record via the Court's electronic case filing (ECF) system.

/s/ Jared Giddens