# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REACHING SOULS INTERNATIONAL, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-13-1092-D |
| ALEX M. AZAR, II, Secretary of the United States Department of Health and Human Services, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING PERMANENT INJUNCTION AND DECLARATORY RELIEF

Upon consideration of Plaintiffs' Motion for Permanent Injunction and Declaratory Relief [Doc. No. 91], and Defendants' response thereto, the Court finds that the Motion should be granted, as set forth herein.

Plaintiffs Reaching Souls International, Inc. and Truett-McConnell College, Inc. are nonprofit religious organizations that provide employee health benefits through a group plan sponsored by Plaintiff GuideStone Financial Resources of the Southern Baptist Convention ("GuideStone"). The GuideStone Plan is a "church plan" as defined by 29 U.S.C. § 1002(33), and is available to organizations controlled by or associated with the Southern Baptist Convention, which share sincere religious views regarding abortion and contraception and rely on GuideStone to provide insurance coverage consistent with those views. By the Complaint, a prior motion for a preliminary injunction, and the instant Motion, Plaintiffs seek relief pursuant to Fed. R. Civ. P. 65 from federal regulations

implementing the Affordable Care Act ("ACA")[1] that require compliance with ACA's mandate to include contraceptive services in group health plan coverage as a preventive care service for women, and provide a means of compliance for nonexempt organizations that have religious objections to some contraceptive methods.  *See* 42 U.S.C. § 300gg-13.  This mechanism, known as the accommodation, was codified in 26 C.F.R. § 54.9815-2713A, 29 C.F.R. § 2590.715-2713A, and 45 C.F.R. § 147.131.[2]  Defendants are federal agencies and officials responsible for implementing these regulations and other recently proposed amendments.[3]

On December 20, 2013, the Court granted preliminary injunctive relief and enjoined the enforcement of the accommodation and the contraceptive mandate as a violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*. ("RFRA"), under *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114 (10th Cir. 2103), *aff'd sub nom.*, *Burwell v. Hobby Lobby Stores, Inc.,* 134 S. Ct. 2751 (2014).  *See* Mem. Decision & Order [Doc.

---

[1]  The Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010).

[2]  These regulations have been recently reserved and amended by interim final rules.  *See* 82 Fed. Reg. 47792, 47838 (Oct. 13, 2017).  But federal courts have enjoined enforcement of the interim rules so their effectiveness remains in doubt.

[3]  By operation of Fed. R. Civ. P. 25(d), the current defendants are:  Alex Azar, Secretary of the United States Department of Health and Human Services; United States Department of Health and Human Services; R. Alexander Acosta, Secretary of the United States Department of Labor; United States Department of Labor; Steven T. Mnuchin, Secretary of the United States Department of the Treasury; and United States Department of the Treasury.

No. 67] (available at 2013 WL 6804259).[4]  At Plaintiffs' request, and without objection by Defendants, the injunction was made broad enough to protect a putative class of similarly situated employers, as defined in the Complaint.  *See id*. at 16; Compl. [Doc. No. 1], ¶ 18.  Defendants appealed, and this case was stayed by agreement of the parties. *See* 3/26/14 Order [Doc. No. 79].  After an appellate ruling in consolidated appeals, *Little Sisters of the Poor v. Burwell*, 794 F.3d 1151 (10th Cir. 2015), a grant of certiorari by the Supreme Court that resulted in an order vacating the decision and remanding the case for further proceedings, *Zubick v. Burwell*, 136 S. Ct. 1557 (2016), and a change of administrations, the Tenth Circuit on October 23, 2017, granted Defendants' motion for voluntarily dismissal of the appeal.  The case is once again pending in this Court.[5]

Upon consideration of Plaintiff's current Motion in light of the existing case record, the Court finds that a permanent injunction under Rule 65(d) and declaratory relief under 28 U.S.C. § 2201 are warranted, and states the following findings and conclusions:

1) Plaintiffs have demonstrated, and Defendants concede, that the promulgation and enforcement of the contraceptive mandate against Plaintiffs, either through the accommodation or other regulatory means that require Plaintiffs to facilitate the provision

---

[4] Plaintiffs also sought injunctive relief based on constitutional claims that the Court declined to reach.  *See id*. at 16 n.9; *see also* 3/10/14 Order [Doc. No. 77].  In addition, the Complaint asserts a claim under the Administrative Procedures Act, 5 U.S.C. § 706.  *See* Compl., ¶ 333.  These claims have not been resolved, and currently remain pending.

[5] Given the marked change in circumstances, one might question what remains to be accomplished in this action.  Plaintiffs' counsel assures the Court that an actual controversy still exists even though Defendants offer little resistance, and the Court accepts the representations of counsel, which Defendants do not dispute.

3

of coverage for contraceptive services to which they hold sincere religious objections, violated and would violate RFRA.

2) Plaintiffs will suffer irreparable harm as a direct result of Defendants' conduct unless Defendants are enjoined from further interfering with Plaintiffs' practice of their religious beliefs.

3) The threatened injury to Plaintiffs outweighs any injury to Defendants resulting from this injunction.

4) The public interest in the vindication of religious freedom favors the entry of an injunction.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Permanent Injunction and Declaratory Relief [Doc. No. 91] is GRANTED.

IT IS FURTHER ORDERED that the Court issues the following PERMANENT INJUNCTION:

Defendants, their agents, officers, employees, and all successors in office are enjoined and restrained from any effort to apply or enforce the substantive requirements of 42 U.S.C. § 300gg-13(a)(4) and any implementing regulations as those requirements relate to the provision of contraceptive drugs, devices, or procedures and related education and counseling to which Plaintiffs have sincerely-held religious objections, and are enjoined and restrained from pursuing, charging, or assessing penalties, fines, assessments, or other enforcement actions for noncompliance related thereto, including those in 26 U.S.C. §§ 4980D and 4980H, and 29 U.S.C. §§ 1132 and 1185d, and including, but not limited to,

penalties for failure to offer or facilitate access to religiously-objectionable contraceptive drugs, devices, or procedures, and related education and counseling, against Reaching Souls International, Inc., Truett-McConnell College, Inc., GuideStone Financial Resources of the Southern Baptist Convention, all current and future participating employers in the GuideStone Plan, and any-third party administrators acting on behalf of these entities with respect to the GuideStone Plan. Defendants remain free to enforce 26 U.S.C. § 4980H for any purpose other than to require Plaintiffs, other employers participating in the GuideStone Plan, and third-party administrators acting on their behalf, to provide or facilitate the provision of contraceptive coverage, or to punish them for failing to do so.

IT IS SO ORDERED this  15th  day of March, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE